**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2013

LETTER TO COUNSEL

RE: *Barbara Allyn Simmons v. Michael J. Astrue, Commissioner of Social Security*;
Civil No. SAG-10-1918

Dear Counsel:

On July 16, 2010, claimant Barbara Allyn Simmons petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 25). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Ms. Simmons filed her claim for benefits on January 25, 2006, alleging disability beginning on April 17, 2004. (Tr. 82-89). Her claim was denied initially on June 30, 2006, 2008, and on reconsideration on January 12, 2007. (Tr. 57-61, 63-66). After a hearing, (Tr. 31-50), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits because he determined that Ms. Simmons had not been disabled. (Tr. 11-20). The Appeals Council denied Ms. Simmons's request for review, (Tr. 1-4), so the ALJ's opinion is the final, reviewable decision of the agency.

The ALJ found that Ms. Simmons suffered from the severe impairments of major depressive disorder, general anxiety disorder, panic disorder, post traumatic stress disorder, borderline personality disorder, and degenerative disc disease. (Tr. 13). Despite these impairments, the ALJ found that Ms. Simmons had retained the residual functional capacity ("RFC") to:

> perform a limited range of light work in which she can lift up to 20 pounds occasionally and 10 pounds frequently, sit for up to 6 hours and stand/walk for up to 6 hours in an 8 hour day. The claimant can perform jobs which require no more than occasional climbing, balancing, kneeling, crouching, crawling and stopping. She can perform jobs that require no more than brief, superficial contacts with co-workers and no interaction with the general public. She is able

Case 1:10-cv-01918-SAG   Document 26   Filed 01/09/13   Page 2 of 3

*Barbara Allyn Simmons v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-10-1918
January 9, 2013
Page 2

> to remember, understand and carry out no more than simple instructions and make simple work-related decisions. She is able to perform work activities that do not expose her to high production rate quotas or rapid assembly line work.

(Tr. 16). After hearing testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Simmons could perform work existing in significant numbers in the national economy, and that she therefore was not disabled. (Tr. 19).

Ms. Simmons makes several arguments in support of her appeal. I concur with her contention that the ALJ erroneously relied upon the testimony of the VE after presenting the VE with an inadequate hypothetical. The hypothetical posed was:

> How about assuming a hypothetical person with the same age, education and work experience as Ms. Simmons. Assume this person would be able to remember, understand, carry out no more than simple instructions. Make simple work-related decisions. Assume could do that on a sustained and continuous basis. Could do jobs that did not involve any more than brief superficial contact with co-workers. No interactions with the general public. Just take that for now. Would there be any jobs in the local or national economy for somebody like that?

(Tr. 47). In response to the VE's request for clarification, the ALJ imposed no physical limitations. *Id.* The VE responded with two medium, unskilled positions and the light, unskilled positions of "cleaner of [sic] housekeeping" and "office helper." *Id.*

The RFC found by the ALJ in his opinion varies in significant ways from the hypothetical posed to the VE. First, the RFC is limited to light work, so only the cleaner/housekeeping and office helper positions would remain viable. Second, the RFC does not specify that Ms. Simmons's ability to make work related decisions would persist "on a sustained and continuous basis," which was part of the hypothetical presented to the VE. The VE had testified at the hearing that, if frequent lapses in concentration prevented the sustained ability to make simple work-related decisions, no work would be available. (Tr. 48). Third, and most importantly, Ms. Simmons's RFC contains a number of restrictions, both physical and mental, that were not presented to the VE. Specifically, the RFC is limited to "no more than occasional climbing, balancing, kneeling, crouching, crawling and stopping."[1] The VE did not consider whether either the cleaner/housekeeping or the office helper position would require more than occasional postural actions of this type. Moreover, Ms. Simmons's RFC contains a limitation that the individual "is able to perform work activities that do not expose her to high production rate quotas or rapid assembly line work." (Tr. 16). Although one might assume that neither the cleaner/housekeeping position nor the office helper position would involve such quotas, the VE was not presented that limitation for consideration. The Fourth Circuit has stated that, "[i]n order for a vocational expert's opinion to be relevant or helpful, . . . it must be in

---

[1] Presumably, "stopping" is meant to read "stooping," which is the customary postural limitation considered in an RFC.

Case 1:10-cv-01918-SAG   Document 26   Filed 01/09/13   Page 3 of 3

*Barbara Allyn Simmons v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-10-1918
January 9, 2013
Page 3

response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). Because the ALJ's hypothetical did not, his subsequent reliance on the VE's testimony to establish the existence of jobs was not supported by substantial evidence. Remand is warranted.

I need not address the remaining issues Ms. Simmons has raised on appeal, because the case will be remanded for further proceedings. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Simmons was ineligible for benefits was correct or incorrect.

For the reasons set forth herein, Ms. Simmons's motion for summary judgment (ECF No. 19) and Defendant's motion for summary judgment (ECF No. 25) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge